PER CURIAM.
On May 25, 1956, while in the employ of M. R. Harrison Construction Co., of Miami, Florida, claimant, a carpenter, fell from the second story of an office building a distance of approximately 22 feet. He landed on a very hard surface, his feet, knees and hands striking same with great force. As a result of the fall, claimant was given medical treatment for multiple bruises, abrasions and a “sprain” to his right knee but returned to work four days later. On or about June 25, 1956, while in the employ of Taylor Construction Co., of Miami, Florida, claimant was struck by a roll of steel-tex which recoiled suddenly, inflicting a deep puncture in the right knee. For this injury claimant was given a shot of penicillin, had a small sliver of steel removed from his right knee, was told to apply compresses to the knee and to stay off his feet for two days. After following instructions, claimant returned to work on the third day.
In June, 1957, as claimant was walking along the sidewalk returning home with groceries from Kwik-Chek Store, he stumbled and fell injuring his left leg and knee. Following his doctor’s advice, claimant applied compresses to his left knee and recovered from the effects of this fall in approximately two days.
Claimant filed claims for injuries to his right knee against M. R. Harrison Construction Co. and Taylor Construction Co. August 19, 1957, the deputy commissioner entered an award of compensation by the terms of which both said employers were held equally liable to claimant. The compensation order required the employers and carriers to pay claimant temporary total disability benefits from December 5, 1956, to February 5, 1958, the date claimant reached maximum medical recovery. In addition to temporary total disability benefits, the employers and carriers were ordered to furnish the claimant such remedial surgery and hospital care as was found to be essential to alleviate the disability to claimant’s right knee.
April 5, 1959, pursuant to § 440.28, Florida Statutes, F.S.A., claimant instituted this case by filing application for modification of the compensation order of the deputy commissioner dated August 19, 1957. The basis for the application to modify the award was a change in claimant’s condition or a mistake in determination of fact by reason of which claimant’s left knee was in need of surgery and remedial treatment.
The employers and carriers contested the application to modify primarily on the ground that claimant had never previously complained of injury to the left knee.- In *106 fact, they contend that it was after the fall in June, 1957, when claimant was returning home from Kwik-Chek Store that he complained of disability to the left knee. Despite the contention of respondents, the deputy modified his compensation order of August 19, 1957, and held M. R. Harrison Construction Co. solely liable to claimant for injury to his left knee, said to have been occasioned by the fall from the second story of the office building in May, 1956. On appeal to the full commission, the compensation order of the deputy [September 14, 1959] was reversed, the full commission holding [May 17, 1960] that there was no competent, substantial evidence which accords with logic and reason to sustain the deputy’s compensation order of September 14, 1959. We are confronted with an appeal by certiorari from the order of the full commission.
The question for determination is whether or not there was competent substantial evidence which accords with logic and reason to support the deputy commissioner’s findings and order of September 14, 1959.
The full commission indicated that the deputy’s finding of a mistake in determination- of fact, that is to say, that claimant had sustained an injury to his left knee, as well as to his right knee, in the fall from the second story of the office building in May, 1956, was not supported by competent substantial evidence which accords with logic and reason.
We think the deputy had ample evidence before him of the industrial accident befalling claimant on May 25, 1956. It is not illogical or unreasonable to conclude that a man falling 22 feet and alighting on hands, knees and feet on a very hard surface could have injured both knees. It is not disputed that surgery is now necessary for the left knee. The record shows one other possible cause for the condition of the left knefe, the fall by the claimant on his way home from Kwik-Chek Store. Which was the more likely to produce injury? The fall of some 22 feet, or the stumble and fall while walking from the Kwik-Chek Store along the sidewalk?
In our view the evidence adequately shows that claimant was not conscious of the extent of his injury to the left knee until subsequent to surgery on the right knee. The claimant testified positively that he was not aware of the extent of the injury to his left knee until forced to favor the right knee and leg after surgery. From this and other testimony in the record, it may be inferred that the condition of the left leg resulted from the injury of May 25, 1956. There is also testimony in the record to support the finding of the deputy commissioner to the effect that claimant’s fall near Kwik-Chek Store caused only temporary injury from which there was prompt recovery. We think the deputy commissioner’s finding of a mistake in determination of fact in his order of August 19, 1957, is amply supported by competent substantial evidence which accords with logic and reason within the meaning and intent of United States Casualty Co. v. Maryland Casualty Co., Fla. 1951, 55 So.2d 741.
It follows that in reversing the deputy commissioner on this point the full commission invaded the province of the deputy commissioner and was in error.
For the reasons indicated herein, the compensation order of the full commission of May 17, 1960, is quashed, and the compensation order of the deputy commissioner of September 14, 1959, is reinstated and affirmed.
It is so ordered.
TERRELL, ROBERTS and O’CON-NELL, JJ., and WIGGINTON, District Court Judge, concur.
THOMAS, C. J., dissents.